FILED

2008 APR 30 PM 2:55

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY RM DEPUTY

2254 ✓ 1983
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ✓ No ___
COPIES SENT TO
Court ✓ ProSe ___

NAME
David Reyes
PRISON NUMBER
P-96254
CURRENT ADDRESS OR PLACE OF CONFINEMENT
Mule Creek State Prison (C11-108 )
P.O. Box 409060 / 4001 Highway 104
CITY, STATE, ZIP CODE
Ione, CA 95640-9060

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

DAVID REYES
(FULL NAME OF PETITIONER)

PETITIONER

v.

M. MARTEL, Warden (A)
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

JERRY BROWN,
The Attorney General of the State of California, Additional Respondent.

Civil No. '08 CV 0791 JLS PCL
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

## PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:
Superior Court of San Diego County, California
1600 Pacific Hwy, Rm 310; P.O. 122724; San Diego, CA 92112-2724
2. Date of judgment of conviction:
August 21, 2000
3. Trial court case number of the judgment of conviction being challenged:
SCD 150364
4. Length of sentence:
16 years to Life.

5. Sentence start date and projected release date:
January 28, 2000

6. Offense(s) for which you were convicted or pleaded guilty (all counts):
P.C. §187(a) Murder 2nd Degree
P.C. §12022(b)(1) Weapons Enhancement (use of knife)

7. What was your plea? (CHECK ONE)
   (a) Not guilty X
   (b) Guilty ☐
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury X
   (b) Judge only ☐

9. Did you testify at the trial?
☐ Yes X No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
X Yes ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following: unprvb
   (a) Result: Judgment Affirmed in Full
   (b) Date of result, case number and citation, if known: 3/15/02 Case#: D036768

   (c) Grounds raised on direct appeal: Denial of Counsel and/or Substitution of Counsel and/or Self-Representation; and Right to Testify on Appellant/Defendant's Own Behalf.
   Ct. Failed to Exercise Proper Discretion to Find Unusual Circumstances Warrenting Probation, and Abuse of Ct. Discretion in Denying Prob. and/or Not stiking Knife Enh.

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following: unpvk
   (a) Result: Pet. for Review Denied
   (b) Date of result, case number and citation, if known: 6/12/02 (Case #: S106307

   (c) Grounds raised: Same as 11(c) above; and claim of Ineffective Assistance of Counsel in regards to the Issues raised in the Court of Appeals on Direct Appeal (SEE: 11(c), above); and raising issues regarding mitigating circumstances.

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: N/A

    (b) Date of result, case number and citation, if known:
    N/A

    (c) Grounds raised:

    N/A

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
X Yes ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number: SCD 150364

    (b) Nature of proceeding: On Habeas Corpus

    (c) Grounds raised:

    I.A.C. failure to investigate, failure to withdraw, arguing against Petitioner's self-representation interest, and I.A.C. on appeal.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes X No

    (e) Result: Summary Denial

    (f) Date of result: Sept. 8, 2003.

9/8/02
UNK

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
X Yes No

17. If your answer to #16 was "Yes," give the following information:

(a) California Court of Appeal Case Number: D043379

(b) Nature of proceeding: On Habeas Corpus

(c) Grounds raised:

Same As Above on Habeas

(d) Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes ☒ No

(e) Result: Summary Denial

(f) Date of result: 12/23/03

unpub

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the California Supreme Court?

X Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

(a) California Supreme Court Case Number: unk UNK

(b) Nature of proceeding: On Habeas Corpus. UNK

(c) Grounds raised:

Same As Above. SAME AS ABOVE

(d) Did you receive an evidentiary hearing on your petition, application or motion? NO

☐ Yes ☒ No

(e) Result: Denied. DENIED

(f) Date of result: unk. UNK

Second California Habeas.

California Superior Court, San Diego County.

Case Number: unk

Grounds: unk

No Evidentiary Hearing.

Results Denied.

Date unk.

---

other proceedings on habeas and other petitions were had upon the efforts of various PAID "INMATE LAWYERS"; the documentation and factual specifics are unk; and the result was denial.

---

LAST STATE COURT FILING.

CASE NO. S141617

On Habeas Corpus.

California Supreme Court.

Grounds: Same As Above.

Results: Denied.

Date: Nov. 16, 2006.

---

The Petitioner asserts this filing is timely as to all matters, and/or the Petitioner is due Equalitable Tolling and/or relief from any preceived default based upon established law.

---

//

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the California Supreme Court, containing the grounds raised in this federal Petition, explain briefly why you did not:

N/A

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?

X Yes ☐ No (IF "YES" SKIP TO #22)

(a) If no, in what federal court was the prior action filed?

(i) What was the prior case number? ______

(ii) Was the prior action (CHECK ONE):

☐ Denied on the merits?

☐ Dismissed for procedural reasons?

(iii) Date of decision: ______

(b) Were any of the issues in this current petition also raised in the prior federal petition?

☐ Yes ☐ No

(c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?

☐ Yes ☐ No

---

CAUTION:

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.
- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.
- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: Petitioner was denied counsel and/or denied the effective assistance of counsel; in violation of the state and/or federal laws, treaties, and/or constitutional provisions; under the 4th, 5th, 6th, 8th, 9th, and/or 14th Amendments to the U.S. Constitution (and similar state Const. provisions)

Supporting FACTS (state *briefly* without citing cases or law)

(SEE: GENERAL STATEMENT OF FACT, in Appendix A).

By at least, July 12, 2000, the Petitioner had become so wholly frustrated with the Counsel assigned by the San Diego County Public Defender's Office, that the Petitioner requested alternative counsel be appointed. A hearing pursuant to the decision in **People v. Marsden** ((1970) 2 Cal.3rd 118) was held and ultimately denied on the above date.

In the **Marsden** hearing the Petitioner recited a number of very specific allegations which clearly established that the attorney-client relationship had wholly broken down; and in fact had supported the allegations with specific supporting facts. These inlcude (but are not limited to):

1). pressuring the Petitioner to plead guilty;
2). refusal to work with the investigator hired by the family of the Petitioner;
3). that counsel does not work with Petitioner or his family;
4). counsel talks and behaves rudely to the Petitioner and his family, etc;
5). will not call witnesses;
6). there is a conflict of interest;
7). counsel is argumentative to the point that the relations have wholly broken down to non-communications, and as such, there is clear questions of counsels' capacity and will to represent the Petitioner to the best of his/her ability(s);
8). fails to engage in investigation and trial preparations;
9). refuses to discuss the case with the Petitioner;
10). advise the Petitioner that counsel believes Petitioner is guilty, and so should accept a deal;
11). acts to specifically interfer with Petitioner's right to communicate and receive assistance from the Mexican consulate;

Each of the above, are in fact allegations which would be individually sufficient to require the appointment of alternate (Cont. Next pg.)

Did you raise GROUND ONE in the California Supreme Court?

X Yes No.

Ground One; Denial/I.A.C.; continued:

counsel. This is especially true wherein the case was STILL CHARGED AS A SPECIAL CIRCUMSTANCES CASE.

Before the Court even heard from the Petitioner, IT set the tone of the hearing, by DEFENDING counsel(s) and all based on their "reputation" (even though character is never placed at issue). The Court's early defense of the attorney(s) itself created at least the illusion of defeat, even before the Petitioner began. Yet, the Petitioner pressed on with his argument.

Having heard from the Petitioner of the issues and facts, the Court then addresses these to counsel and counsel starts by stating that he CANNOT address them fully because the Court was the same as was assigned for trial and it would, in counsels' view "prejudice" the Petitioner's case. At this point, the Court sua sponte, should have recessed the hearing and had it set before another Court so that the issues could be wholly and freely addressed. The failure of the Court to do so, renders the decision SUSPECT at best, and clearly deprived the Petitioner of his full rights to a hearing on the matter.

Next, counsel response to the cause(s) set forth by Petitioner, and in essence admits most of the allegations of the Petitioner, while at the same time trying to "spin" the circumstances in a light different than that experienced by the Petitioner and his family. Counsel said:

1). at best this is a voluntary manslaughter case;

2). that counsel "IMPRESSED UPON HIM THAT IT WAS IN HIS BEST INTEREST AT THAT TIME TO ACCEPT THE SECOND (degree murder plea) BECAUSE IT <u>WOULD</u> ONLY GET WORSE FOR HIM";

3). that he was contacted by the investigator the Petitioner's family had hire, and that he would not talk with the family's investigator or work with him;

4). that counsel believed all the facts to be known were already known and that no additional investigation was needed (that is: everybody was put on the witness stand at preliminary hearing; thus nothing more was needed);

5). claimed that providing any information to the investigator hired by the family would be a "BREACH OF CONFIDENTIALITY" (although, under Califonria law, EVERYTHING known by the defense counsel is discoverable, if it is relevant; and the Petitioner suggested that all the investigator was asking for was POLICE REPORTS and such other PUBLIC RECORDS, and anything confidential, AND COUNSEL DID NOT CLAIM THAT THE INVESTIGATOR ACTUALLY REQUESTED ANY CONFIDENTIAL INFORMATION OR RECORDS);

6). confirmed that the petitioner and his family had in fact made various efforts to retain other counsel, and did NOT rebut in anyway the Petitioner's claim that COUNSEL was in fact INTERFERING with this effort, BY WITHHOLDING ACCESS TO INFORMATION ABOUT THE CASE, WHICH WERE NOT CONFIDENTIAL, BUT WAS ESSENTIAL TO THE OTHER COUNSEL'S CONSIDERATIONS OF RETAINER, ETC; AND FORCED THE FAMILY TO SPEND CONSIDERABLE MONEY TO OBTAIN THOSE RECORDS AND DOCUMENTS, MONEY WHICH COULD HAVE OTHERWISE BEEN USED TO RETAIN OTHER COUNSEL;

(Cont. Next pg)

Ground One; Denial/I.A.C.; continued:

7). admits there was a difference of opinion REGARDING VARIOUS ISSUES AND DECISIONS, REGARDING STATEGIC PLANNING AND/OR DEFENSES AND/OR EXECUTION OF SUCH (that the Petitioner did not agree with a defense of "self-defense");

8). and ended with again stating that the defense of his own professional performance lay within things that he could not bring up or was in the Petitioner's "best interest" to not be stated for fear of DESTROYING ATTORENY-CLIENT PRIVILEGE or by allusion prejudicing the Petitioner with the Court (thus suggesting that the Petitioner was planning some sort of malfeasances; and thus, prejudicing the Court anyway, without the Petitioner knowing that the things that counsel's statements would naturally be limited to, could ONLY BE some kind of malfeasance; such as the Petitioner saying he was ACTUALLY INNOCENT, and doing so even though COUNSEL KNEW THAT THE PETITIONER WAS NOT IN FACT LOOKING TO PRESENT SUCH A DEFENSE, that is: the Petitioner was not planning to assert a defense of, for example, that he was not present at the time and place of the crime, such as an alibi defense);

9). all other commentary was simply conclusory statements and general claims of propriety;

10). the second counsel assented to Mr. Popkin's assertions and/or recitations without additional commentary;

11). counsel later acknowledged several contacts with outside counsel (without confirming or denying what the substance of those contacts included, which in fact were mostly the Petitioner's counsel trying to dissuade those other counsels' involvement), and did in fact acknowledge that the discussion between those other counsels included agreement on specific sums and did in fact result in efforts by the family to raise those sums;

12). lastly, counsel stated that he was aware that there was other possible witnesses, but that the relationship between himself and the Petitioner had ALREADY DEVOLVED TO THE POINT THAT THE PETITIONER HAD ALREADY LOST TRUST IN THE COUNSELS TO THE POINT OF REFUSING TO DISCLOSE ANYTHING FURTHER TO COUNSELS;

The Court then gave the Petitioner an opportunity to respond, and the Petitioner re-asserted the whole of his claims (generally) and did so with the offer of evidence (his family and even a person that was in fact there in the court (possibly the interpreter). The Petitioner re-assert that his family has and continued to attempt toobtain private counsel (and explaining the intereference of the appointed counsel in forcing extraordinary efforts and processes on the part of the Petitioner, family, and private investigator to obtain the information necessary to the hiring of other counsel; and how that extraordinary effort ACTED TO CIRCUMVENT THAT EFFORT BY THE COST INCURED THEREIN.

(Cont. Next pg)

Ground One; Denial/I.A.C.; continued:

---

There are three things that are certain in the above set of facts:

1). the Petitioner presented a cogent argument allucidating specific points which were reasonable to the request for substitution of counsel;

2). the arguments presented by the Petitioner were NOT in any way, reputiated upon any facts; and most often were in fact admitted to by counsel;

3). the Petitioner described specific elements supporting an establishment of a conflict of interest; including: a). counsels interference in the Petitioner's efforts to obtain private counsel, b). counsels interference in Petitioner's attempts to obtain the assistance of the Mexican Consulate; c). counsels refusal to acquiese to the Petitioner's right to make his OWN STRATEGIC DECISIONS, and the attendant effort of counsel to harrange the Petitioner into pleading guilty;

At no time during the hearing did counsel reputiate these claims and/or the facts supporting them. Counsel (unlike the Petitioner) did not make an evidentary offer. In fact, other than a general denial that he was not RUDE (his opinion) and that the Petitioner's family never tried to call him (again, his opinion); counsel pretty much just CONFIRMED each of the Petitioner's allegations.

In addition, there is NO denying, that the Petitioner's family did in fact hire private investigators and that those investiggtors did in fact take action on the Petitioner's behalf, which appears to have been extensive and for which they seemed to have been paid; thus it is reasonable to conclude that the KNOWN AND ADMITTED EFFORTS by the Petitioner and/or his family, to hire private counsel WAS QUITE LEGITIMATE, and there is nothing to suggest otherwise.

Lastly, there is a great RING OF TRUTH, in the word of the Petitioner, as expressed on the record: "I will tell you everything. First of all, HE INTIMIDATES ME. **RIGHT NOW HE IS TALKING IN THE NICE SOFT VOICE.** When he starts talking to me he talkes in a loud voice. My whole family was here when they came to court. My whole family was present and they all asked him. She's also -- the lady is also a witness that my whole family was present when he was talking to my family. They said -- they asked him: tell us, what do you think? What's going on with the case? and he didn't want to answer them. He said she was there. ..."

In the end, the Court merely states: "All right, I have heard enough. ..." "All right. I think I have heard enough. I have a flavor of what's going on here." Then the Court proceeds to deny the request. However, while the Court brushes off various issues, upon its own impression of the matter. It wholly failed to do to very important things, necessary to the Petitioner's due process rights in this matter. The Court NEVER asked the Petitioner any questions about his assertions. At the least, when the Court was told there was a CONFLICT OF INTEREST, the Court had a DUTY to ascertain the facts which are relevant to such. We might guess that the facts had to do with a difference of opinion of stategic matters, or something else. Yet, the law demands more than surmises and speculation.

(Cont. Next pg).

Ground One; Denial/I.A.C.; continued:

Second, the Court failed to hold and evidentary hearing on the matters before it. This was made even more important, wherein THE PETITIONER MADE THE OFFER OF PROOF, and the COUNSEL MADE NO OFFER OF PROOF, NOR DID THEY DISPUTE THE ALLEGATIONS EXCEPT AS TO THE MATTER OF BEING "RUDE". Yet, the Court opens its decision (after many efforts at counseling the Petitioner, regarding HIS expectations and HIS duties), by stating: "I don't see anything here that they have done that in any way works against your case (because it went unaddressed, and the Court refused to see the efforts to restrict the Petitioners representation to merely the counsel at bar, to the exclusion of any other possibility, and/or the counsel DICTATING strategy and circumventing the Petitioner's rights to consult with the Mexican Consulate; AS "WORK[ING] AGAINST [THE PETITIONER'S] CASE OR AGAINST [HIS] SIDE."). Then the Court makes the determination that: "I don't see where there is any rudeness expressed." (which of course is the case, becuase there was NOT HEARING TO INVESTIGATE THE FACTS). Then the Court made its decision, which was a recitation of its previous opinion that these were well qualified attorneys (which was never the issue).

However, this does not end the matter.

On or about, August 14, 2000, another hearing was held pursuant to the decision in **People v. Marsden** (id). In this hearing the matter regarding the alleged CONFLICT OF INTEREST, appears to be more clearly define (this hearing also addressed a motion by the Petitioner to represent himself pursuant to **Faretta v. California** (1975) 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562; however, that is the focus of another Ground herein, and will not be address here except as to matters regarding Denial of Counsel, Conflict of Interest, and/or the Ineffective Assistance of Counsel).

The fundamental issue that was presented in this hearing was that the Petitioner and Counsel differed in their respective opinions AS TO THE STATEGIC POSTURE OF THE CASE. This is the very words of counsel and the Court. Simply put, the Petitioner wanted to assert a defense that HE DID NOT STAB THE VICTIM. The appointed counsel wanted to assert either a self-defense or imperfect self-defense defense (which would involve an admission that the Petitioner DID IN FACT, STAB THE ALLEGED VICTIM). This is the most classic of all the conflict of interest scenarios. In this instance, COUNSEL HIMSELF has declared a CONFLICT, and has stated to the Court, that the counsel believes the Petitioner's asserted defense CONFLICTS with the evidence as presented, and that as counsel "[he was] going to proceed with the defense I think we have the best chance of getting the best possible results for him." (This is a statement that COUNSEL INTENDS TO ACT DIRECTLY AND SPECIFICALLY AGAINST THE WILL AND ASSERTED DEFENSE OF THE DEFENDANT/PETITIONER. By law, counsel can only do this IF counsel declares and the Court finds that the defendant/petitioner is incompetent. Alternatively, counsel CAN ONLY SUBMIT A MOTION TO WITHDRAW AS COUNSEL, DUE TO CONFLICTS OF INTEREST. Instead, counsel HERE demands the Court SUBVERT THE PETITIONER'S RIGHTS BY ORDERING THE CASE TO GO FORWARD ON A COUNSEL ASSERTED CLAIM THAT HIS CLIENT IS GUILTY OF THE ACT DESCRIBED IN THE INFORMATION (TANTAMOUNT TO PLEADING HIM GUILTY).

(Cont. Next pg)

(b) **GROUND TWO**: PETITIONER was denied counsel and/or denied the right to represent himself, and/or counsel of his choice; in violation of his rights under the state and federal laws, treaties and/or constitutional provisions (e.g. SEE: 1st, 5th, 6th, 9th and 14th Amendment(s), and similar state constitutional provisions).

Supporting FACTS (state *briefly* without citing cases or law): On or about, August 14, 2000, a hearing was held in the state superior court, pursuant to People v. Marsden (id.). This hearing presented claims regarding both CONFLICTS OF INTERESTS, and also a request/motions by the Petitioner to represent himself pursuant to FARETTA v. California (id.; see Ground One above). ***(SEE ALSO: SUPPORTING FACTS, at GROUND ONE, above)***

This motion was TIMELY and the Petitioner MADE NO REQUEST FOR A CONTINUANCE (and in fact, turned down a suggestion by the court of such); however, the COURT "determined" ON ITS OWN THAT IT FELT THAT THE PETITIONER COULD NOT BE READY FOR TRIAL ON THE DATE SET, and upon this determination; DENIED the motion upon that basis. In the trial court's decision, and the state courts' decisions on appeal, the court(s) stated that the motion was made PRESUMABLY for the purpose of "DELAY". The appeals courts' opinion was based wholly on the finding of the trial court, even though the trial court could AND DID NOT point to any specific FACTS to support its finding. The Petitioner had made NO REQUEST FOR A CONTINUANCE; and stated that he was COMMITTED TO BEING READY IN TIME FOR THE TRIAL AS WAS THEN SCHEDULED. The standards for coming to such a judgment IN WHICH THE OUTCOME IS THE KNOWING DENIAL OF A **FUNDAMENTAL RIGHT GUARANTEED BY THE STATE AND FEDERAL COUNSTITUTIONS**; must be more than UNINVITED AND UNSUPPORTED JUDICIAL SPECULATION; which is all that the state courts based their opinions on. The FACT, that the Petitioner HAS SUCCESSFULLY REPRESENTED HIMSELF IN A SUBSEQUENT state court criminal case, although not facts before the trial and appeals courts; prove the Petitioner's real intent.

Did you raise GROUND TWO in the California Supreme Court?

XX Yes ☐ No.

**(c) GROUND THREE:**

PETITIONER HAS RECEIVED INCOMPETENT AND INEFFECTIVE ASSISTANCE OF COUNSEL BEFORE TRIAL BY INADEQUATE RESEARCH AND INVESTIGATION, FAILURE TO WITHDRAW FROM THE CASE WHEN ASKED TO, ALL IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT, AND THE 6TH AMENDMENT OF THE U.S. CONSTITUTION

*** GROUND THREE WAS RAISED BEFORE THE CALIFORNIA SUPREME COURT.**

**Supporting FACTS:**

THE FAILURE TO DO ADEQUATE RESEARCH CONCERNING PETITIONER'S MENTAL STATE AND PRIOR MENTAL CONDITION, NO INVESTIGATION INTO PETITIONER'S SIDE OF THE STORY-HIS DEFENSE WHICH HE WANTED PRESENTED- FAILURE TO ASK THE COURT TO REMOVE HIM FROM THE CASE WHEN ASKED TO DO SO VIOLATED, AS DID ALL OF THE ABOVE, HIS DUE PROCESS (A FAIR TRIAL) AND THE INVESTIGATION WOULD HAVE SHOWN THAT THERE WERE OTHER REASONS THIS ATTORNEY SHOULD HAVE DONE WHAT PETITIONER WANTED DONE AND PRESENTED THE DEFENSE THAT WOULD HAVE BEEN MUCH MORE BELIEVABLE TO THE JURY-ALL AGAINST THE CONSTITUTION. FAILURE TO ARGUE FOR SELF-REPRESENTATION WHEN HE WOULD NOT WITHDRAW WAS ALSO VIOLATIVE OF THE LAWS OF BOTH STATE AND FEDERAL CODES OF PROCEDURE REGARDING THE REMOVAL OF AN ATTORNEY WHO WAS NOT FOLLOWING THE PETITIONER'S DESRIED DEFENSE TO BE PRESENTED.

(AN EVIDENTIARY HEARING IS REQUIRED HERE AS IT DOES NOT APPEAR ON RECORD.

b. Supporting cases, rules, or other authority (optional):

466 U.S. 668

STRICKLAND V. WASHINGTON IS THE CASELAW HERE, FOR MOST CLAIMS PRESENTED; BOUNDS V. SMITH 430 U.S. 817,, 821-28 (1977) WHERE THE SUPREME COURT STAT THE STATE MUST GIVE AN ADEQUATE OPPORTUNITY TO PRESENT CLAIMED VIOLATIONS BY PROVIDING SOME SORT OF LEGAL ASSISTANCE. THIS IS SUCH A TIME.

**(d) GORUND FOUR:**

IT APPEARS THE JUDGE OF THE CASE VIOLATED THE CONSTITUTION BY NOT ALLOWI[NG] EITHER SUBSTITUTION OF COUNSEL OR SELF-REPRESENTATION WHEN ASKED FOR IT. THIS VIOLATED THE 6TH AMENDMENT IN THE INITIAL TRIAL. HE HAD NO MEANINGFUL ACCESS TO THE COURT SINCE THE COUNSEL WOULD NOT DO AS ASKED

*** GROUND FOUR WAS PRESENTED TO THE CALIFORNIA SUPREME COURT.**

a. Supporting facts:

PETITIONER WANTED A CERTAIN DEFENSE PRESENTED IN HIS CASE. THE COUNSEL APPOINTED WOULD NOT FOLLOW HIS DIRECTIONS AND EVEN INVESTIGATE IT. WHEN PETIONER TRIED TO HAVE THE COUNSLE REMOVED, THE TRIAL COURT REFUSED. WHEN HE TRIED TO SELF-REPRESENT HE WAS TURNED DOWN. THESE ARE ABUSES OF DISCRETION FOUND IN ALL LAW BOOK. REFERENCED AND THE TRIAL COURT WAS ABUSING ITS DISCRETION TO PETITIONER'S LOSS OF HIS CHANCE OF A CORRECT SENTENCE. OTHER ABUSES OCCURRED BUT AN EVIDENTIARY HEARING IS REQUIRED TO CLARIFY AS THEY DO NOT APPEAR ON RECORD AS THEY WERE NOT TRANSCRIBEDD. THE JUDGE CLEARLY WAS PARTIAL TO THE PROSECUTION AND POSSIBLY THE APPOINTE[D] COUNSEL WAS PART OF THE THREE-WAY SITUATION WHERE PETITIONER WAS NOT GOING TO GET A FAIR TRIAL NO MATTER HIS ATTEMPTS TO GET ANOTHER COUNSEL.

b. Supporting cases, rules, or other authority:

THE CASELAW OF PARTIALITY OF A TRIAL JUDGE IS MINIMAL. BUT SEE U.S. V. WILSON, 421 U.S. 309, 319 (1975.

**(e) GROUND FIVE:**

THE TRIAL COURT DENIED TO APPOINT OR GIVE APROVAL FOR AN INVESTIGATOR, AND IN FAILING TO DO SO HAS DENIED THE PETITOINER BASIC RIGHTS FOR A FAIR TRIAL AND DUE PROCESS UNDER THE 14TH AND 6TH AMENDMENTS OF THE CONSTITUTION.

*** GROUND FIVE WAS PRESENTED TO THE CALIFORNIA SUPREME COURT.**

A. SUPPORTING FACTS:

I NEEDED AN INVESTIGATOR INORDER TO HAVE A FLEETING CHANCE AT PROVING MY INNOCENSE IN THIS CASE. THE DEFENSE ATTORNEY, PUBLIC DEFENDEER, DID NOT FEEL COMPELLED TO PRESS THE SUPERIOR COURT IN ORDER TO OBTAIN SUCH ASSISTANCE IN THE PREPARATION OF MY CASE FOR TRIAL, EVEN THOUGH I OBVIOUSLY COULD HAVE DONE NOTHING BUT PRESENT A PROPER DEFENSE TO THE CHARGES IF I COULD HAVE HAD AN INVESTIGATOR TO TRACK DOWN WITNESSES WHICH WERE NEVER CALLED TO TESTIFY FOR THIS FAILURE. THIS LEFT ME WITH A VERY WEAKD EFENSE STRATEGY AND ALSO A PUBLIC DEFENDER WHO DID NOTHING TO ASSIST ME IN GETTING A PROPER TRIAL.

THIS IS A CONSTITUTIONAL RIGHT THAT I WAS DENIED, AND WAS UNABLE TO PRESENT THE DEFENSE THAT WOULD HAVE FOUND ME LESS CULPABLE.

B. SUPPORTING CASES, RULES AND AUTHORITIES:

U.S. V. Mc VEIGH, 918 FED. SUPP. 2D 1452;

MASON V. ARIZONA, (9TH CIR. 1974) 504 F. 2D 1345;

PEOPLE V. WORTHY, (1980) 109 CAL. APP. 3D 514

U.S. CONSTITUTION, 6TH AND 14TH AMENDMENTS, DUE PROCESS CLAUSES

Ake v. Oklahoma (1985) 470 U.S. 68, 83.

**(f) GROUND SIX:**

SUPERIOR COURT DENIED PETITIONER THE RIGHT TO TESTIFY ON HIS OWN BEHALF IN VIOLATION OF THE U.S. CONSTITION, DUE PROCESS OF THE 6TH AND 14TH AMEWNDMENTS

*** GROUND SIX WAS PRESENTED TO THE CALIFORNIA SUPREME COURT.**

A. SUPPORTING FACTS: PETITIONER WAS DENIED THE RIGHT OT TESTIFY OWN HIS OWN BEHALF IN THE MANNER HE DESIRED. HIS ATTORNEY WOULD NOT ALLOW THIS-EVEN WHEN PETITIONER TRIED TO OVER HIS COUNSEL'S OBJECTIONS.

IN POINT OF FACT, THE PETITIONER DID HAVE IMPORTANT AND RELEVANT TESTIMONY TO PROVIDE, WHICH IS SIMPLY THIS:

"I came to the party to aid a female friend of mine that had called and asked for assistance, due to domestic violence. When I arrived at the house, every body that was there or that arrived after me was drunk, high, or both. I was, too. Everything seemed okay, and there was no bad feelings there between anybody, or did not appear to be such to me. Yet, I was a little concerned about the deceased, because I knew he had an

***(continued)->**

B. CASES IN SUPPORT, RULES, AND AUTHORITIES:

<u>PEOPLE V. FRIERSON</u>, (1985) 39 CAL.3D 803, 814;
<u>PEOPLE V. ROBLES</u> (1970) 2 CAL. 3D. 205, 215;
<u>PEOPLE V. GRAY</u> (1998) 66 CAL. APP. 4TH 973, 981, 988;
<u>U.S. V. BRADFORD</u>, 78 F.3RD 1216;
<u>SPENCER V. AULT</u>, 941 F. SUPP. 832.

**GROUND SIX: continued; Testimony of Petitioner; continued:**

explosive and violent temper, especially when fueled by drugs, etc. Thus, I sought to keep my distance, and hang out with my female friend as she decided if she was staying or leaving. Then, without warning and without any specific reason, the deceased began yelling and came at me in a threatening manner. I threw up my hands in a blocking fashion, one of which appeared to me to catch him in or around the throat area. The other (my left hand) seemed to me to have gotten caught up with his right hand just above the waist area. Our bodies collided and I heard a yelp, which sounded different than his yelling. We both stumbled away from each other and he was holding his stomach area. I did not see blood, but I did notice a "BUCK" type folding knife on the ground in the space between us. He also looked to the knife and made a move for it. I grabbed it, and back out of the room and apartment with a friend and ran. When I left, I had no idea he had been stabbed and no idea where the knife had come from, but I knew if he had gotten ahold of it, he would have killed me, and that if I had left it, he would have used it to chase after me and still killed me. My only interest was getting out and getting away alive. This, all occurred about 5 pm. I don't know what happened between that time 5 pm and around 10 pm when help for the deceased. As far as I know, he arrived at the hospital alive. (NOTE: when I left a number of the deceased's friends were there).

This is all that I know about what happened that day and evening, leading up to the person dying. I never wanted anybody to be harm, and that includes the deceased. I don't know EXACTLY how he got stabbed, or when, but I can say with ABSOLUTE CERTAINTY, I DID NOT BRING ANY WEAPONS TO THE PLACED WHERE THE INCIDENT OCCURRED, AND I DID NOT HAVE ANY WEAPONS IN MY HANDS, UNTIL I PICKED UP THE KNIFE FROM THE FLOOR AND LEFT THE SCENE **FOR MY OWN SAFETY.**

I SWEAR UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY OWN PERSONAL KNOWLEDGE OF THE FACTS. EXECUTED, this 27th day of April, 2008; at Mule Creek State PRISON, IN IONE, CALIFORNIA.

D. Reyes

David Reyes, Petitioner/Declarant.

THIS TESTIMONY WOULD HAVE HELPED IN EVERY PERTINENT FACTS OF LAW, IN REGARDS TO ALL THE ISSUES AT BAR AT TRIAL, AND HEREIN, IN THAT IT ARGUES THAT THE PETITIONER IS ACTUALLY, FACTUALLY, AND/OR LEGALLY **INNOCENT**, OF ANY UNLAWFUL KILLING.

(c) **GROUND SEVEN:**

The Petitioner was denied counsel and/or denied the effective assistance of counsel on appeal, in the state courts; and thereby denied my DUE PROCESS & EQUAL PROTECTION RIGHTS UNDER THE 5th, 6th, 9th, & 14th, U.S. Constitutional Amendments.

Supporting FACTS (state *briefly* without citing cases or law):

On or about, November 2001, the Petitioner filed a timely Appeal under the process and procedures of appeal, as established by California law.

As provided by law, counsel was provided and the established procedures were carried forth through a decision of the state court of appeals on direct appeal. Given that state law REQUIRES that some issues be raised via the process established for state habeas corpus; and the APPELLATE PROJECT which provided counsel DOES NOT PROVIDE FUNDING AND/OR AUTHORITY FOR APPOINTED COUNSEL TO PROCEED ON HABEAS ISSUES; some issues were NOT raised by the appointed counsel.

After the California Court of Appeals issued their decision in this case and upon the issues raised (a decision which went against the Petitioner); appointed counsel ABANDONED THE CASE, & NO OTHER FILINGS WERE MADE, AND NO OTHER COUNSEL WAS APPOINTED BY THE APPELLATE PROJECT/PROGRAM. **AND NO FURTHER APPEALS WERE HAD UPON OR BY APPOINTED COUNSEL** (that is: counsel did not file even a Petition for Review to the California Supreme Court on the issues that counsel had proffered in the Court of Appeals). **THIS WAS AND RESULTED IN A COMPLETE ABANDONEMENT BY COUNSEL, BEFORE FINAL APPEALS WERE HAD.**

On or about, Spring 2002, the Petitioner managed to obtain the PAID assistance of an "inmate lawyer" whom filed a Petition for Review, to the California Supreme Court. Later, the Petitioner was compelled to PAY other "INMATE LAWYERS" to file additional "appeals" and petitions on his behalf.

Did you raise GROUND THREE in the California Supreme Court?

[X] Yes [ ] No.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes x No

24. If your answer to #23 is "Yes," give the following information:
   (a) Name of Court: ______
   (b) Case Number: ______
   (c) Date action filed: ______
   (d) Nature of proceeding: ______
   (e) Grounds raised: ______
   (f) Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing: Michael Popkins & Megan Marcotte; both of: San Diego County Public Defenders Office 233 A St., Suite 400; San Diego, CA 92101.
   (b) At arraignment and plea: SAME TWO ATTORNEYS SAME ADDRESS
   (c) At trial: SAME TWO ATTORNEYS SAME ADDRESS
   (d) At sentencing: SAME TWO ATTORNEYS SAME ADDRESS
   (e) On appeal: Barbara A. Smith, P.O. Box 25, Spring Valley, CA 91976 (Court of Appeals - only)
   (f) In any post-conviction proceeding:
   NONE
   (g) On appeal from any adverse ruling in a post-conviction proceeding:
   NONE

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ☒ No
   (a) If so, give name and location of court that imposed sentence to be served in the future:
   ______________________________
   (b) Give date and length of the future sentence: ______________________________
   ______________________________
   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   ☐ Yes ☐ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court:
______________________________

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

______________________________
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

April 27, 2008
(DATE)

D. Reyes
SIGNATURE OF PETITIONER

UNITED STATES DISTRICT COURT
DISTRICT OF CALIFORNIA

DAVID REYES
Plaintiff or Petitioner

v. Case Number:

M. MATEL
Defendant or Respondent

**PROOF OF SERVICE**

I hereby certify on April 27, 2008, I served a copy

Of the attached Petition for Writ of Habeas Corpus + In forma Paupers

By placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed by depositing said envelope in the United States Mail.

**(List Name and Address of Each Defendant or Attorney Served)**

Jerry Brown. Cal. Atty. Gen
P.O. Box. 944255, Sacramento, Ca. 94244-2550
(Petition only)

U.S. District Court (Petition & In Forma Pauperis)
Southern District of California
880 front st. Suite 4290, San Diego, CA. 92101-8900

M. Martel, Warden (A) (Petition ONLY)
P.O. Box 409099, Ione, CA. 95640-9099

I declare under the penalty of perjury that the foregoing is true and correct.

D. Reyes
(Name of Person Completing Service)

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILING FEE PAID Yes No ✓
IFP MOTION FILED Yes ✓ No
COPIES SENT TO Court ✓ Prose

FILED
2008 APR 30 PM 2:55
CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

**I (a) PLAINTIFFS**

**David Reyes**

**DEFENDANTS**

**Martel, et al**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Amador
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**David Reyes**
**PO Box 409060**
**Ione, CA 95640**
**P-96254**

**ATTORNEYS (IF KNOWN)**

**'08 CV 0791 JLS PCL**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

**28 U.S.C. 2254**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS — PERSONAL INJURY | TORTS — PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | | | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| | | | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | ☐ Security Act | | ☐ 950 Constitutionality of State |
| | | | | | ☐ 890 Other Statutory Actions |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |
|---|---|---|
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 530 General |
| ☐ 230 Rent Lease & Ejectmant | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights |
| ☐ 290 All Other Real Property | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $** Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE April 30, 2008 ~~SIGNATURE OF ATTORNEY OF RECORD~~ [signature]