EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
ANTHONY DA SILVA
Deputy Attorney General
KEVIN VIENNA, State Bar No. 186751
Supervising Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2198
Fax: (619) 645-2191
Email: Kevin.Vienna@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID REYES,**<br><br>Petitioner,<br><br>v.<br><br>**M. MARTEL, Warden, et al.,**<br><br>Respondents. | 08cv791 JLS (PCL)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Judge: The Honorable Peter C. Lewis<br>[No Hearing Required] |

## INTRODUCTION

Petitioner David Reyes challenges his conviction for murder and subsequent sentence to an indeterminate prison term of sixteen years to life. But his Petition is untimely. The judgment of conviction became final in 2002, at the conclusion of the direct appeal process. Reyes waited over a year following finality before commencing collateral attacks in the state courts. And, although he appears to be entitled to a small amount of statutory tolling, lengthy periods elapsed during which no statutory tolling applies.

Additionally, although Reyes asserts that he should be entitled to equitable tolling, he fails to provide any details that establish an unusual circumstance that prevented timely filing or any demonstration of diligence. Thus, no equitable tolling may apply.

Accordingly, Respondent moves the Court to dismiss the Petition with prejudice.

**STATEMENT OF FACTS**

The California Court of Appeal succinctly described the crime as follows:

> Although Reyes and Andres were friends, Reyes was jealous of Andres's relationship with Reyes's former girlfriend Sylvia. Andres often visited Sylvia at her National City apartment.
>
> On the evening of January 14, 2000, Reyes and Andres were inside Sylvia's apartment. However, when Sylvia arrived home, Reyes left the apartment without saying anything to anyone.
>
> Later that night, after drinking beer at Hernandez's National City home, Reyes invited Hernandez and Hernandez's nephew Vellarruel to accompany him to a party. Overcoming Hernandez's initial desire not to go, Reyes persuaded Hernandez into going. Reyes told Hernandez that Reyes was going to "fuck ... up" a person at the party who owed Reyes money. Reyes asked Hernandez to stop anyone who tried to interfere with Reyes.
>
> At Reyes's direction, Vellarruel drove Reyes and Hernandez to Sylvia's apartment. As directed by Reyes, Vellarruel parked his car facing the street. Outside Sylvia's apartment, Francisco Gonzalez was waiting for Andres to play pool. When Reyes asked Gonzalez if Andres were upstairs, Gonzalez said yes. Reyes had Vellarruel and Hernandez accompany him upstairs while Gonzalez remained outside.
>
> When Reyes knocked on the door, Sylvia let Reyes, Vellarruel and Hernandez into her apartment. Inside Sylvia's apartment were several people, most having accompanied Solandra Diaz who wanted to talk to Sylvia about a television purchase. Apparently, no party was in progress.
>
> After entering Sylvia's apartment, Reyes told Hernandez to stand by the door and not allow anyone else to enter. Reyes then began talking to Andres. Without warning, Reyes stabbed Andres with a knife about five inches to a foot in length. Surprised, Andres placed his hands over his abdomen, asked Reyes why he had hit him and said, "It hurts." Andres walked backward and then slid down a wall. Reyes brandished the knife in front of him so people would move out of his way. Sylvia grabbed Reyes's arm and told him, "No." Andres died in the apartment from a single six-inch deep stab wound to his abdomen.
>
> Meanwhile, within minutes after having entered Sylvia's apartment and stabbed Andres, Reyes left the apartment and ran "desperately" away from the building followed by Vellarruel and Hernandez. Reyes then had Vellarruel drive him to a San Diego location. Vellarruel heard Reyes say the knife had gone "all the way in" and saw Reyes cleaning blood off the knife. Reyes told Vellarruel that Andres was a "snitch" and deserved it. Vellarruel and Hernandez saw Reyes throw away the knife. Later that night, Vellarruel drove Reyes back to National City and then to a Chula Vista motel. The next day, Vellarruel took Reyes's clothes to Reyes at the Mexican border.
>
> On January 28, 2000, Reyes was arrested. When interviewed by a detective, Reyes denied having stabbed Andres. Reyes told the detective that Reyes had been present at the stabbing scene but someone else had done the stabbing; Reyes and Andres started fighting; when hit by Reyes's fist during the fight, Andres went down; and the fight was caused not by jealousy but instead was the result of a dispute the previous night about Andres's paying for methamphetamine Reyes had given him. Reyes also told the detective that although Reyes considered Andres a good friend, he did not like Andres's superior

> attitude. Further, Reyes told the detective that about two weeks before Andres's death, Andres had tape-recorded Reyes's conversation with Andres about doing some drug deals.

*People v. Reyes*, No. D036768, 2002 WL 399505, *1 (Cal.App. 4 Dist.,2002). (Lodgment 2.)

**STATEMENT OF THE CASE**

A San Diego County jury convicted Reyes of murder in the second degree and found that he had personally used a knife in the commission of the offense. The trial court sentenced Reyes to an indeterminate term of sixteen years to life imprisonment, comprising a sentence of fifteen years to life for the murder, plus an additional year for the weapon enhancement. (Lodgment 2 at 2-3.)

Reyes appealed, raising the following issues: (1) the trial court improperly denied his request for substitute appointed counsel; (2) the trial court improperly denied a request for self representation; (3) the trial court denied him the opportunity to testify in his defense; (4) the trial court erred in denying probation; and (5) the trial court erred in denying a motion to strike punishment for use of a weapon. (Lodgment 1 (appellant's opening brief); Lodgment 2 at 1-2.)

The California Court of Appeal denied all claims and affirmed the judgment in an unpublished opinion that was filed on March 15, 2002. (Lodgment 2.)

Reyes filed a pro se petition for review in the California Supreme Court, raising the same issues. That court denied further review in a summary order issued on June 12, 2002. (Lodgment 3, 4.)

Reyes did not file a petition for writ of certiorari. (Pet. at 3.)

Eventually, he commenced a series of collateral challenges in the state courts. On August 12, 2003, he signed a petition for writ of habeas corpus, which was filed thereafter in the superior court. (Lodgment 5.) That petition raised the following claims: (1) that he received ineffective assistance of trial defense counsel because counsel failed to conduct an adequate investigation and failed to withdraw when requested by Reyes; (2) the trial court erred in denying Reyes's requests for substitution of appointed counsel or self representation; and (3) that he received ineffective assistance of appellate defense counsel. (Lodgment 5 at 3, 4, 5.) The superior court denied the petition in a four-page order filed on September 8, 2003.(Lodgment 6.)

///

On December 4, 2003, Reyes signed a petition raising the same three claims, which he filed in the court of appeal. (Lodgment 7.) That court denied the petition in a brief written order on December 23, 2003. (Lodgment 8.)

Reyes signed his final state petition[1/] on December 31, 2005, and he filed that petition in the California Supreme Court. (Lodgment 9.) In that petition, Reyes repeated his earlier assertions of ineffective assistance of trial defense counsel and improper denial of counsel substitution or self representation. He made the following additional claims: (1) denial of the right to testify; (2) denial of appointment of an investigator. (Lodgment 9 at 5-6.) That court denied the petition on November 15, 2006, with a citation indicating that the petition was untimely. (Lodgment 10.)

Reyes appears to have signed the Petition now pending in this Court on April 27, 2008. (Pet. at 11.) The Petition raises the following claims:

- The state courts denied him the right to counsel by denying his request for substitute appointed counsel, and counsel performed ineffectively;
- The state courts improperly denied a request for substitute appointed counsel or self representation;
- Trial defense counsel was ineffective in failure to prepare or withdraw;
- The state courts denied the right to self representation;
- The state courts denied the right to a defense investigator;
- The trial court denied Reyes the right to testify;
- The state courts denied Reyes the right to effective counsel on appeal.

This Court has directed Respondent to respond.

///

///

///

---

1. The Petition somewhat ambiguously refers to two other state habeas corpus petitions, one in the superior court and one in the California Supreme Court. (Pet. at 4-5.) Respondent has not found any indication of such additional state petitions.

Rather, Reyes's last petition in the California Supreme Court refers to only two prior state petitions. (Lodgment 9 at 8.) Respondent believes Reyes has filed three state petitions, as described above, and Reyes is simply mistaken in suggesting in the Petition that there have been five state petitions.

## ARGUMENT

## I.

## THE PETITION IS BARRED BY THE STATUTE OF LIMITATIONS PURSUANT TO 28 U.S.C. § 2244 (D) AND THEREFORE SHOULD BE DISMISSED WITH PREJUDICE

Because the present Petition was filed after April 26, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Smith v. Robbins*, 528 U.S. 259, 268 n.3, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000). As amended by AEDPA, 28 U.S.C. § 2244(d) now provides for a limitations period of one year.[2/]

For Reyes, who appealed from his judgment of conviction in the state courts but did not seek certiorari (Pet. at 2-3), finality of his conviction occurred at the end of the time during which he might have pursued the direct appeal process further. That is a period of ninety days following the denial of his petition for review by the California Supreme Court on June 12, 2002. *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Thus, Reyes's conviction was final on September 10, 2002.

---

2. The statute provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations ordinarily commences on the day following finality, and it normally would expire one year later, on September 20, 2003. Since Reyes did not constructively file[3/] his federal Petition until, at the earliest, April 27, 2008, the Petition is untimely unless he is entitled to a later start date for the commencement of the limitations period or unless he is entitled to sufficient tolling to make the Petition timely. Neither circumstance applies.

**A. Commencement Of The Limitations Period – No Later Start Date Applies**

Normally, the statute of limitations begins to run on the day following finality, Fed. R. Civ. P. 6(a), unless one of three exceptions apply. 28 U.S.C. § 2244(d)(1)(B)-(D). None of the exceptions applies to Reyes: there was no state impediment to his seeking further relief; his claims do not rely on any new constitutional right determined by the United States Supreme Court to be retroactive; and the factual predicate for his current claims was known by the time his conviction was final.[4/]

Accordingly, the statute of limitations commenced on May 15, 2002, and expired one year later, on May 14, 2003, absent tolling.

**B. Reyes Is Entitled To Some Statutory Tolling But Not Enough To Make The Petition Timely**

A petitioner is entitled to statutory tolling for the period of time during which a properly filed application for post conviction relief is pending in a state court. 28 U.S.C. § 2244(d)(2). A petitioner has the burden of demonstrating facts supporting tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended).

---

3. Under the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), an incarcerated pro se prisoner's pleading is deemed filed at the moment of delivery to prison officials. This mailbox rule has been extended to both state and federal habeas corpus petitions for purposes of applying the AEDPA statute of limitations. *See Miles v. Prunty*, 187 F.3d 1104, 1106 n. 2 (9th Cir. 1999)

4. The operative knowledge is of the important facts, not their legal significance. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Reyes knew the operative facts underlying his claims before his conviction was final.

**1. *There Is No Tolling Until The Filing Of His First State Petition***

Reyes appears to have constructively filed his first state petition in the superior court on August 13, 2003. No tolling applies in the period between finality of the direct appeal and the filing of the first application in a state court for collateral relief. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999).

Thus, no tolling applied between September 12, 2002, and August 13, 2003. During that period, 335 days of the limitations period elapsed.

**2. *Statutory Tolling Applies While His First State Petition Was Pending***

Reyes's first state petition was pending in the superior court from August 13, 2003, until it was denied on September 8, 2003. He is entitled to tolling during that period. 28 U.S.C. § 2244(d)(2).

**3. *The Limitations Period Expired Before Reyes Filed His Next State Petition, And He Is Not Entitled To Statutory Tolling Thereafter.***

Reyes appears to have constructively filed his next state petition in the California Court of Appeal on December 4, 2003. (Lodgment 7.) He is not entitled to statutory tolling during the interval between the prior state petition and the petition in the court of appeal because the duration of that interval was unreasonable.

Although a petitioner in California may be entitled to tolling during the interval between filing of state habeas corpus petitions, such circumstances are limited to those where the petitioner has proceeded without reasonable delay. In general, that means the petitioner must have filed his petition next petition withing sixty days. *Evans v. Chavis*, 546 U.S. 189, 126 S. Ct. 846, 854, 163 L. Ed. 2d 684 (2006), *see Livermore v. Watson*, __ F. Supp. 2d __, 2008 WL 802330, *4 (E.D. Cal. 2008) (reviewing *Evans* and citing to *Gaston v. Palmer*, 447 F.3d 1165, 1167 (9th Cir.2006) (holding that delays of eighteen, fifteen and ten months were unreasonable); *Culver v. Director of Corrections*, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal.2006) (determining that delays of ninety-seven and seventy-one days were unreasonable)).

For Reyes, the relevant gap is from denial of his petition by the superior court on September 8, 2003, to the constructive filing of his next petition in the court of appeal on December

4, 2003 – a period of eighty-seven days. Because 335 days of the one-year limitation period already had passed, and because no tolling applies during this gap of eighty-seven days, the limitations period expired during this time.

Once the limitations period has expired, the filing of a state petition cannot revive it; tolling merely pauses the clock – it cannot start it anew. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). But even if the limitations period had not expired before December 4, 2003, there are additional lengthy periods during which no statutory tolling could apply.

The court of appeal denied Reyes's second state petition on December 23, 2004. Reyes did not constructively file his next, and last, state petition, in the California Supreme Court, until December 31, 2005. During this period, another 463 days elapsed. This is certainly an unreasonable delay, under *Evans v. Chavis*, and cannot qualify for statutory tolling. Moreover, the California Supreme Court expressly denied this petition as untimely, citing *In re Robbins*, 18 Cal.4th 770, 780, 959 P.2d 311, 77 Cal. Rptr. 153 (1998) (an untimely petition will be considered on the merits only if a petitioner establishes good cause for the delay). (Lodgment 10.) An untimely state petition cannot qualify for tolling. *Pace v. DiGuglielmo,* 544 U.S. 408, 414, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Finally, after the California Supreme Court denied Reyes's last state petition on November 15, 2006, Reyes did not constructively file the Petition now pending before this Court until April 27, 2008. During this period, another seventeen months elapsed for which no statutory tolling could apply.

Thus, statutory tolling cannot save Reyes's Petition from being untimely.

**C. Reyes Is Not Entitled To Equitable Tolling**

Reyes asserts, without providing facts or analysis, that he is entitled to equitable tolling (Pet. at unnumbered page following page 4), but no basis is apparent for such tolling, and Reyes's bare claim is insufficient to warrant such tolling.

Although the United States Supreme Court has never sanctioned equitable tolling in § 2254 cases, the Ninth Circuit has recognized that it may apply in rare cases. But before equitable tolling may be considered, a petitioner must establish two elements "(1) that he has been pursuing

his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting *Pace v. DiGuglielmo*, 544 U.S. at 408, 125 S. Ct. at 1814); *Gaston v. Palmer*, 417 F.3d at 1034.

Reyes has delayed his filing in this Court for years. This demonstrates a lack of diligence that precludes equitable tolling, and the Petition should be dismissed as untimely.

**CONCLUSION**

For the foregoing reasons, Respondent respectfully requests that this Court deny the Petition with prejudice as untimely and deny any future request for a certificate of appealability.

Dated: July 22, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

ANTHONY DA SILVA
Deputy Attorney General

s/Kevin Vienna

KEVIN VIENNA
Supervising Deputy Attorney General

Attorneys for Respondent

KV:ms
70130606.wpd
SD2008700389

# CERTIFICATE OF SERVICE BY U.S. MAIL

Case Name: **Reyes v. Martel**

No.: **08cv791 JLS (PCL)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 22, 2008, I served the following documents:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

David Reyes
P-96254
Mule Creek State Prison
P.O. Box 409060
Ione, CA 95640-9060

*In Pro Se*

## Electronic Mail Notice List

I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case: None

## Manual Notice List

The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing): **David Reyes**, at the above-named address.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 22, 2008, at San Diego, California.

| | |
|---|---|
| Monica E. Seda | Monica E. Seda |
| Declarant | Signature |

SD2008700389
70131119.wpd