# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID REYES,<br><br>                Petitioner,<br><br>vs.<br><br>M. MARTEL, et al.<br><br>                Respondents. | Case No.  08-CV-0791-JLS (PCL)<br><br>**ORDER:**<br><br>**1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;**<br><br>**2)  GRANTING RESPONDENT'S MOTION TO DISMISS; and**<br><br>**3) DENYING CERTIFICATE OF APPEALABILITY** |

      On December 24, 2008, Magistrate Judge Lewis entered a Report and Recommendation ("R&R") recommending that Respondent's motion to dismiss be granted on grounds that the one-year statute of limitations period of the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), precludes consideration of the merits of the Petition.  On February 2, 2009, Petitioner timely filed his objections to the R&R. Having considered the R&R, Petitioner's objections, and the Court's record, the Court adopts Magistrate Judge Lewis' Report and Recommendation and grants Respondent's motion to dismiss.

/ / /

# BACKGROUND

The Court adopts the procedural background set forth in the R&R, which the Court briefly summarizes in the following timeline of events:

| | |
|---|---|
| 1/28/2000 | Petitioner convicted of second degree murder and use of knife and sentenced to an indeterminate term of sixteen years to life imprisonment. |
| 3/15/2002 | Petitioner's conviction upheld by California Court of Appeal. |
| 6/12/2002 | California Supreme Court denies Petitioner's Petition for Review of Court of Appeal's decision. |
| 8/12/2003 | Petitioner signs and subsequently files a petition for writ of habeas corpus in San Diego Superior Court. |
| 9/08/2003 | San Diego Superior Court denies petition. |
| 12/04/2003 | Petitioner signs and subsequently files a petition for writ of habeas corpus in California Court of Appeal. |
| 12/23/2003 | California Court of Appeal denies petition. |
| 12/31/2005 | Petitioner signs and subsequently files a petition for writ of habeas corpus in California Supreme Court. |
| 11/15/2006 | California Supreme Court denies petition as untimely. |
| 4/27/2008 | Petitioner signs and subsequently files federal petition for writ of habeas corpus in instant case. |

On July 22, 2008, Respondent Martel filed a motion to dismiss the petition in this case, arguing that it was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). On December 24, 2008, Magistrate Judge Lewis issued his R&R recommending that Respondent's motion be granted.

The R&R concludes that, absent any equitable or statutory tolling, Petitioner had until September 10, 2003 to file his federal habeas petition. Magistrate Judge Lewis found that Petitioner is entitled to statutory tolling for a period of twenty-seven days while the superior court petition was pending. Magistrate Judge Lewis also found that Petitioner is possibly entitled to eighty-seven days of statutory tolling for the time period between the filing of the superior court petition and the court of appeal petition, as well as thirteen days of statutory tolling for the time period during which the court of appeal petition was

pending. Magistrate Judge Lewis correctly noted, however, that resolution of this question was not necessary – even if Petitioner were credited with the eighty-seven days between filings and the sixteen days the court of appeal petition was pending, Petitioner would have only had until January 19, 2004 to file his federal petition.[1]

Magistrate Judge Lewis then considered Petitioner's claim that he is entitled to equitable tolling for virtually the entire period between March, 2002 and March, 2008. Magistrate Judge Lewis carefully addressed each of Petitioner's claims and concluded that no equitable tolling is warranted.

Petitioner filed his objections to the R&R on February 2, 2009. Petitioner raises no specific objection to the findings set forth in the R&R, but contends that Magistrate Judge Lewis failed to consider Petitioner's psychiatric condition and inability to read English in the equitable tolling analysis.

## ANALYSIS

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the duties of the district court in connection with a magistrate judge's report and recommendation. "The district court must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c); *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

In his objections to the R&R, Petitioner claims he is entitled to equitable tolling because he is under psychiatric care and is taking medications and because his interpersonal style and the side effects of his medication make it impossible for him to effectively communicate with the court or understand filing deadlines. Petitioner contends that the R&R fails to properly account for his psychiatric condition and his inability to read English in the equitable tolling analysis. Although Petitioner's alleged mental

---

[1] Magistrate Judge Lewis found that Petitioner is not entitled to statutory tolling for the period preceding the filing of the California Supreme Court petition because the seven hundred and twelve day delay between filings far exceeds any reasonable interpretation of the timeliness requirements of *Evans v. Chavez*, 546 U.S. 189 (2006).

1  incompetency as a basis for equitable tolling was presented for the first time in Petitioner's
2  objection to Magistrate Judge Lewis' R&R, the Court will exercise its discretion to
3  consider the claim. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (holding
4  that "a district court has discretion, but is not required, to consider evidence presented for
5  the first time a party's objection to a magistrate judge's recommendation.")

6  As recognized in the R&R, to be entitled to equitable tolling, Petitioner must show
7  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
8  circumstance stood in his way" and prevented timely filing. *Lawrence v. Florida*, 549 U.S.
9  327, 336 (2007). However, equitable tolling will not be available in most cases, as
10 extensions of time will only be granted if extraordinary circumstances beyond a prisoner's
11 control make it impossible to file a petition on time. *Calderon v. United States Dist. Court*
12 *(Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds* by *Calderon v.*
13 *United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998). District judges must
14 "take seriously Congress's desire to accelerate the federal habeas process" and "only
15 authorize extensions when this high hurdle is surmounted." *Id.* at 1289.

16 Mental incompetency may equitably toll the statute of limitations because it is an
17 extraordinary circumstance beyond a prisoner's control. *See Kelly*, 163 F.3d 530, 541 (9th
18 Cir.1998)(en banc). A showing of mental illness alone, however, will not toll the limitation
19 period, the petitioner must show that the mental illness in fact prevented him from
20 managing his affairs and thus from understanding his legal rights and acting upon them.
21 *See Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996).

22 In support of his claim for equitable tolling, Petitioner has submitted the declaration
23 of Buck Aaron, a jailhouse lawyer at Mule Creek State Prison. In his declaration, Mr.
24 Aaron indicates that petitioner "is unable to comprehend on a level that is even close to
25 being adequate to argue his legal claims" and that Petitioner "is in fact on Psychiatric
26 Care/Medications/CCMS inmate." Objections, Ex. A. Although Petitioner alleges that his
27 psychiatric records have been requested from the prison, the Court has been provided with
28 no evidence of the mental illness or disability Petitioner suffers from, or how the disability

prevented him from filing his federal habeas petition on time, which under the most generous calculation, would have been by January 19, 2004.  Although Mr. Aaron's declaration suggests Petitioner's mental condition created a generalized lack of comprehension, the Court notes that for much of the time between 2002 and 2008[2], Petitioner was not even housed at the Mule Creek State Prison.  Therefore it is not clear that Mr. Aaron would even have knowledge of Petitioner's mental condition during the relevant time period.

In any event, the record contradicts any claim that Petitioner was mentally incompetent and thus unable to manage his affairs or understand and act upon his legal rights.  The record does demonstrate that Petitioner has been receiving mental health treatment since 2003.[3]  However, Petitioner's enrollment in a prison mental health program and the fact that he may be receiving medications do not by themselves establish that Petitioner was mentally incompetent.  Most mental illness are treatable, and with proper treatment many, if not most, sufferers are capable of managing their own affairs.  *See id*. at 192.

Indeed, the record in this case demonstrates that Petitioner's mental health condition was controlled.  For example, the record reflects that in February, 2003, Petitioner appeared before the California State Prison Administrative Segregation Unit Institutional Classification Committee. [Doc. No. 11-2 at 50].  Petitioner stated his health was good, and the Committee noted Petitioner's mental condition as "Stable".  *Id.*  The Committee's report indicates the Mental Health clinician's assessment of Petitioner was that he was able

---

[2] According to Petitioner's Declaration in Opposition to Respondent's Motion to Dismiss, Petitioner was housed at the Centinela State Prison from 2001 to February, 2003, when he was transferred to the California State Prison at Los Angeles.  In April, 2003, Petitioner was transferred to Solano State Prison and was then transferred to Mule Creek State Prison in August, 2004.  In April, 2005, Petitioner was transferred to the California Men's Colony at San Luis Obispo.  In August, 2005, Petitioner was transferred to the Salinas Valley State Prison, and then was transferred back to Mule Creek State Prison in September, 2005.

[3] It is not clear from the record precisely when Petitioner began mental health treatment.  There is a prison report dated May, 2002, which indicates Petitioner had no mental health issues. [Doc. No. 11-2 at 34.]  Starting in February, 2003, prison records indicate Petitioner's placement in the prison mental health delivery system. [Doc. No. 11-2 at 49].

1 to understand and participate in the classification hearing. *Id.*   In another Classification
2 Committee review in July, 2003, Petitioner stated his mental and physical health were
3 good, and his clinical assessment indicated that Petitioner did not appear at risk for mental
4 health deterioration. [Doc. No. 11-3 at 17.]   Likewise, a report of a disciplinary hearing
5 held during February, 2005, indicates that Petitioner stated he was in good health and did
6 not demonstrate impairment in his ability to comprehend the nature of the charges or the
7 disciplinary process. [Doc. No. 11-4 at 5].  Another Classification Committee report, dated
8 April, 2007 indicates Petitioner reported that he had no medical concerns and has been
9 receiving appropriate mental health care. [Doc. No. 11-6 at 58.]  None of the documentary
10 evidence before the Court suggests that Petitioner suffered from a uncontrolled mental
11 impairment between 2002 and 2008, the time period Petitioner contends is subject to
12 equitable tolling.
13     Furthermore, the evidence before the Court demonstrates that Petitioner was quite
14 capable of understanding his legal rights and exercising them during the time period in
15 question.   For example, in 2002, Petitioner filed multiple levels of appeals – informal,
16 formal, and Director's level – regarding legal materials he claims were lost during an
17 incident in which he was forcibly extracted from his prison cell. [Doc. No. 11-2 at 38-47.]
18 Each level of appeal required compliance with relatively short filing deadlines, which
19 Petitioner was able to meet.  At each level of appeal, Petitioner's complaints were clearly
20 set forth, relevant, and written in the English language.  In 2003, Petitioner appeared before
21 a disciplinary hearing officer regarding an alleged battery committed by Petitioner.
22 Petitioner denied the charge, presented his statement, and was found not guilty.[4] [Doc. No.
23 11-3 at 15-16.]   In 2005, Petitioner filed an appeal and supporting documentation against
24 his mental health case manager and succeeded in obtaining a new case manager, albeit as a

---

27 [4] At this hearing, it was again noted that Petitioner did not exhibit any evidence of impairment in his ability to understand the nature of the charges or the disciplinary process.  During the hearing, Petitioner stated he speaks, reads, and writes English due to being raised in San Diego. [Doc. No. 11-
28 3 at 16.]

1  result of changed circumstances rather than the merits of the appeal.[5] [Doc. No. 11-4 at 53-
2  56.]  In 2006, Petitioner filed a multi-level appeal regarding safety concerns at the Salinas
3  Valley State Prison. [Doc. No. 11-6 at 28-45.] Again, Petitioner was able to effectively set
4  forth his concerns, in the English language, and comply with the time limits for filing each
5  level of appeal. *Id.*  These are but a few examples of Petitioner's exercise and assertion of
6  his legal rights contained in the record.

7  Based on this evidence, the Court finds that any mental condition suffered by
8  Petitioner was not sufficient to impair his ability to manage his affairs or his ability to
9  understand and exercise his legal rights. As such, Petitioner is not entitled to equitable
10 tolling. The Court also rejects any suggestion that Petitioner is entitled to equitable tolling
11 as a result of his inability to read English. Not only is this contention completely
12 contradicted by the record, it also presents an insufficient basis for the granting of equitable
13 tolling. *See Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (a
14 pro se prisoner's illiteracy does not constitute "cause" for excusing a procedural default).
15 As to the findings and conclusions set forth in R&R, to which Petitioner failed to file any
16 specific objection, the Court has carefully reviewed the decision of Magistrate Judge Lewis
17 and concurs in its entirety.

18 **CONCLUSION**

19 Having conducted a de novo review of the claims presented in Petitioner's
20 objections to the R&R, the Court **OVERRULES**  Petitioner's objections. The Court
21 **ADOPTS** Magistrate Judge Lewis' Report and Recommendation in its entirety, and
22 **HEREBY GRANTS** Respondent's Motion to Dismiss. Additionally, the Court **DENIES**
23 Petitioner a certificate of appealability, as Petitioner has not made a substantial showing
24 that he has been denied a constitutional right. *See* 28 U.S.C. § 2253(c) (providing that a
25 / / /
26 / / /
27
28  [5] Although the documentation indicates Petitioner's appeal was granted, this was due to the fact that Petitioner had been transferred to a new institution.

1  certificate shall issue "only if the applicant has made a substantial showing of a denial of a
2  constitutional right").
3  **IT IS SO ORDERED.**

5  DATED: March 30, 2009

6  *Janis L. Sammartino*
   Honorable Janis L. Sammartino
7  United States District Judge